FILED

2009 JUN -5 A 11:

Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
LEANNE RENEE CASSINELLI

ADR

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

RMW

| | |
|---|---|
| LEANNE RENEE CASSINELLI, <br><br> Plaintiff, <br><br> v. <br><br> LAW OFFICES OF RICHARD CLARK, PLLC, a Texas professional limited liability company; and RICHARD EDWARD CLARK, A/K/A RICKY EDWARD CLARK, individually and in his official capacity; and CACH, LLC, a Colorado limited liability company, <br><br> Defendants. | Case No.: **C09 02506** <br><br> **COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL**  HRL <br><br> 15 United States Code § 1692 *et seq.* <br> California Civil Code § 1788 *et seq.* <br> California Civil Code § 1812.700 *et seq.* |

Plaintiff, LEANNE RENEE CASSINELLI (hereinafter "Plaintiff"), based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or her attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

**I. INTRODUCTION**

1. This is an action for statutory damages, attorney fees and costs brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq.* (hereinafter "RFDCPA") which prohibit debt collectors from engaging in

abusive, deceptive and unfair practices.

2. According to 15 U.S.C. § 1692:

a. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

b. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

c. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

d. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

e. It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## II. JURISDICTION

3. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

4. This action arises out of Defendants' violations of the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## III. VENUE

5. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

## IV. INTRADISTRICT ASSIGNMENT

6. This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara County.

## V. PARTIES

7. Plaintiff, LEANNE RENEE CASSINELLI (hereinafter "Plaintiff"), is a natural person residing in Santa Clara County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

8. Plaintiff is informed, believes, and thereon alleges that Defendant, LAW OFFICES OF RICHARD CLARK, PLLC (hereinafter "LAW OFFICE"), is a Texas professional limited liability company engaged in the business of collecting debts in this state with its principal place of business located at: 3030 South Gessner Road, Suite 200, Houston, Texas 77063. LAW OFFICE may be served as follows: Law Offices of Richard Clark, PLLC, c/o Richard E. Clark, 3030 South Gessner Road, Suite 200, Houston, Texas 77063. The principal business of LAW OFFICE is the collection of debts using the mails and telephone, and LAW OFFICE regularly attempts to collect debts alleged to be due another. LAW OFFICE is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil

Code § 1788.2(c). LAW OFFICE is a third-party debt collector subject to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

9. Defendant, RICHARD EDWARD CLARK, A/K/A RICKY EDWARD CLARK, (hereinafter "CLARK"), is a natural person and may be served at his current business address at: Richard Edward Clark, Law Offices of Richard Clark, PLLC, 3030 South Gessner Road, Suite 200, Houston, Texas 77063. CLARK is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c). CLARK is a third-party debt collector subject to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* Plaintiff is informed and believes, and thereon alleges that CLARK is liable for the acts of LAW OFFICE because he sets and approves LAW OFFICE collection policies, practices, procedures and he directed the unlawful activities described herein.

10. Defendant, CACH, LLC (hereinafter "CACH"), is a Colorado limited liability company engaged in the business of collecting debts in this state with its principal place of business located at: 4340 South Monaco Street, 2nd Floor, Denver, Colorado 80237. CACH may be served as follows: CACH, LLC, c/o The Corporation Company, Registered Agent, 1675 Broadway, Suite 1200, Denver, Colorado 80202. The principal business of CACH is the collection of debts using the mails and telephone, and CACH regularly attempts to collect debts alleged to be originally due another. CACH is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c). CACH is vicariously liable to the Plaintiff for the acts of LAW OFFICE and CLARK.[1]

11. At all times herein mentioned, each of the Defendants was an officer, director, agent, servant, employee and/or joint venturer of his/her co-defendants, and each of them, and at all said times, each Defendant was acting in the full course and scope of said office, directorship, agency, service, employment and/or joint venture. Any reference hereafter to "Defendants" without further

---

[1] See, *Fox v. Citicorp Credit Servs.*, 15 F.3d 1507, 1516 (9th Cir. 1994) ("[W]e must conclude that Congress intended the actions of an attorney to be imputed to the client on whose behalf they are taken") and *Martinez v. Albuquerque Collection Servs.*, 867 F.Supp. 1495, 1502 (D. N.M. 1994) ("Debt collectors employing attorneys or other agents to carry out debt collection practices that violate the FDCPA are vicariously liable for their agent's conduct").

qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

## VI. FACTUAL ALLEGATIONS

12. On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred a financial obligation, namely a consumer credit account issued by Providian Bank, and bearing the account number XXXX-XXXX-XXXX-2955 (hereinafter "the debt"). The debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

13. Plaintiff is informed and believes, and thereon alleges that sometime thereafter on a date unknown to Plaintiff, the debt was sold, assigned, or otherwise transferred to CACH.

14. Sometime thereafter on a date unknown to Plaintiff, the debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

15. Thereafter, Defendants sent a collection letter (Exhibit "1") to Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

16. The collection letter (Exhibit "1") is dated June 13, 2008.

17. The collection letter (Exhibit "1") was the first written communication from Defendants to Plaintiff in connection with the collection of the debt.

18. The collection letter (Exhibit "1") states, in relevant part:

> You are hereby advised:  Unless you, the consumer, notify this office within thirty days after receipt of this notice that you dispute the validity of the debt or any portion thereof, the debt will be assumed to be valid by this office.  If you, the consumer, notify us within the thirty (30) days after receipt of this notice, that the debt or any portion thereof is disputed, this office will obtain verification of the debt or a copy of a judgment against you and a copy of such verification or judgment will be mailed to you by this office.  Upon your written request within thirty days after receipt of this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

19. The collection letter (Exhibit "1") does not include the notice required by Cal.

Civil Code § 1812.700(a).

20.  Plaintiff is informed and believes, and thereon alleges that Defendants have sent standard form collection letters in the form of Exhibit "1" to more than 40 persons in California in the one-year preceding the filing of this Complaint. Therefore, Plaintiff may seek leave to amend this Complaint to add class allegations at a later date.

## VII.  CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

21.  Plaintiff brings the first claim for relief against Defendants under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

22.  Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

23.  Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

24.  Defendant, LAW OFFICE, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

25.  Defendant, CLARK, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

26.  Defendant, CACH, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

27.  The financial obligation alleged to be originally owed to Providian Bank by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

28.  The collection letter (Exhibit "1") described above violates the FDCPA. The violations include, but are not limited to, the following:

      a.    Defendants misrepresented Plaintiff's right to obtain a copy of the debt verification or judgment against her, in violation of 15 U.S.C. §§ 1692e and 1692e(10); and

      b.    Defendants failed to send Plaintiff a written notice containing a statement that if Plaintiff notifies Defendants *in writing* within the thirty-day period that the debt, or any portion thereof, is disputed, Defendants would obtain verification of the debt and that a copy of the verification would be mailed to Plaintiff, in violation of 15 U.S.C. § 1692g(a)(4).

29.    Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the debt.

30.    As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

31.    Plaintiff brings the second claim for relief against Defendants under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

32.    Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

33.    Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

34.    Defendant, LAW OFFICE, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

35.    Defendant, CLARK, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

36.    Defendant, CACH, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

37. The financial obligation alleged to be originally owed to Providian Bank by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

38. The collection letter (Exhibit "1") described above violates the RFDCPA. The violations include, but are not limited to, the following:

   a. Defendants misrepresented Plaintiff's right to obtain a copy of the debt verification or judgment against her, in violation of Cal. Civil Code § 1788.17;[2] and

   b. Defendants failed to send Plaintiff a written notice containing a statement that if Plaintiff notifies Defendants *in writing* within the thirty-day period that the debt, or any portion thereof, is disputed, Defendants would obtain verification of the debt and that a copy of the verification would be mailed to Plaintiff, in violation of Cal. Civil Code § 1788.17.[3]

39. Defendants' acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the debt, within the meaning of Cal. Civil Code § 1788.30(b).

40. As a result of Defendants' willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

41. As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages pursuant to Cal. Civil Code § 1788.17.[4]

42. As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of her reasonable attorney's fees and costs pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17.[5]

43. Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the

---

[2] 15 U.S.C. §§ 1692e and 1692e(10).
[3] 15 U.S.C. § 1692g(a)(4).
[4] 15 U.S.C.§ 1692k(a)(2)(A).
[5] 15 U.S.C.§ 1692k(a)(3).

Plaintiff may have under any other provision of law.

## CALIFORNIA CONSUMER COLLECTION NOTICE

44. Plaintiff brings the third claim for relief against Defendants under Cal. Civil Code §§ 1812.700-1812.702.

45. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

46. Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

47. Defendant, LAW OFFICE, is a third-party debt collector subject to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.

48. Defendant, CLARK, is a third-party debt collector subject to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.

49. Defendant, CACH, is a third-party debt collector subject to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.

50. The financial obligation alleged to be originally owed to Providian Bank by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5), and a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

51. Defendants failed to include the "Consumer Collection Notice" required by Cal. Civil Code § 1812.700(a) in their first written notice initially addressed to Plaintiff.

52. Defendants' acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the debt, within the meaning of Cal. Civil Code § 1788.30(b).

53. As a result of Defendants' willful and knowing violations of Cal. Civil Code § 1812.700(a), Plaintiff is entitled to an award of a statutory penalty in an amount not less than one

1  hundred dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1812.702.[6]

54. As a result of Defendants' violations of Cal. Civil Code § 1812.700(a), Plaintiff is entitled to an award of statutory damages pursuant to Cal. Civil Code § 1812.702.[7]

55. As a result of Defendants' violations of Cal. Civil Code § 1812.700(a), Plaintiff is entitled to an award of her reasonable attorney's fees and costs pursuant to Cal. Civil Code § 1812.702.[8]

56. Pursuant to Cal. Civil Code § 1788.32, the remedies provided under Cal. Civil Code §§ 1788.17 and 1788.30(c) are intended to be cumulative and in addition to any other procedures, rights or remedies that Plaintiff may have under any other provision of law.

## VIII. REQUEST FOR RELIEF

Plaintiff requests that this Court:

    a. Assume jurisdiction in this proceeding;

    b. Declare that Defendants' collection letter attached hereto as Exhibit "1" violates the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692e(10) and 1692g(a)(4);

    c. Declare that Defendants' collection letter attached hereto as Exhibit "1" violates the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788.17;

    d. Declare that Defendants' collection letter attached hereto as Exhibit "1" violates Cal. Civil Code § 1812.700(a);

    e. Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    f. Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 pursuant to Cal. Civil Code § 1788.30(b);

---

[6] Cal. Civil Code § 1788.30(b).
[7] Cal. Civil Code § 1788.17, incorporating 15 U.S.C. § 1692k(a)(2)(A) by reference.
[8] Cal. Civil Code §§ 1788.30(c) and 1788.17, incorporating 15 U.S.C. § 1692k(a)(3) by reference.

g. Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to Cal. Civil Code §1788.17;[9]

h. Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 pursuant to Cal. Civil Code § 1812.702;[10]

i. Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to Cal. Civil Code § 1812.702;[11]

j. Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.30(c), 1788.17[12] and 1812.700(b);[13] and

k. Award Plaintiff such other and further relief as may be just and proper.

CONSUMER LAW CENTER, INC.

By: /s/ Fred W. Schwinn
Fred W. Schwinn, Esq.
Attorney for Plaintiff
LEANNE RENEE CASSINELLI

---

[9] 15 U.S.C. § 1692k(a)(2)(A).
[10] Cal. Civil Code § 1788.30(b).
[11] Cal. Civil Code § 1788.17, incorporating 15 U.S.C. § 1692k(a)(2)(A) by reference.
[12] 15 U.S.C. § 1692k(a)(3).
[13] Cal. Civil Code § 1788.17, incorporating 15 U.S.C. § 1692k(a)(3) by reference.

## CERTIFICATION PURSUANT TO CIVIL L.R. 3-16

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, LEANNE RENEE CASSINELLI, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

# LAW OFFICE OF RICHARD CLARK PLLC

P.O. Box 420670, Houston, TX 77242
Tel. (713) 782-4185 or Toll Free (866) 892-4185
Fax (713) 782-7404

06/13/08

*****AUTO**MIXED AADC 350
14516-130/14219040070300698/2020    238
LEANNE CASSINELLI                              4K
15800 RICA VISTA WAY
SAN JOSE, CA 95127-2724

12462

RE:  Creditor:                          CACH, LLC
     Original Creditor:                 PROVIDIAN BANK
     Original Account Number:           4465611900712955
     Current Balance:                   $10,399.78
     Our Account Number:                14219040070300698

Dear LEANNE CASSINELLI:

This office has been retained to collect the debt owed by you to CACH, LLC who now owns the debt having purchased it from the original creditor named above. This law office follows all applicable disclosure laws. Please remit any payments to the "Law Office of Richard Clark PLLC." You may contact us toll free at 866-892-4185 if you would like to discuss this matter.

You are hereby advised: Unless you, the consumer, notify this office within thirty days after receipt of this notice that you dispute the validity of the debt or any portion thereof, the debt will be assumed to be valid by this office. If you, the consumer, notify us within the thirty (30) days after receipt of this notice, that the debt or any portion thereof is disputed, this office will obtain verification of the debt or a copy of a judgment against you and a copy of such verification or judgment will be mailed to you by this office. Upon your written request within thirty days after receipt of this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

At this time no attorney with our law firm has personally reviewed the particular circumstances of your account. Please call our office. The toll free number is 866-892-4185.

Sincerely,

Richard Clark

**THIS IS AN ATTEMPT TO COLLECT A DEBT, AND
ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.
THIS IS A COMMUNICATION FROM A DEBT COLLECTOR**



EXHIBIT 1

DMIP

238.2020